UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GLORIA C. SALAS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-00748 |
| FORD MOTOR CREDIT COMPANY, LLC, | JURY DEMAND |
| Defendant. | |

## COMPLAINT

NOW comes GLORIA SALAS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FORD MOTOR CREDIT COMPANY, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Deceptive Trade Practices Act ("DTPA") Tex. Bus. & Com. Code § 17 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 as Defendant engages in substantial business activity in this District, and a substantial part of the events or omissions giving rise to the claims occurred within this District, 28 U.S.C. § 1391(b).

1

## PARTIES

4. Plaintiff is a natural person residing in Austin, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant provides various automotive financing services to and through automotive dealers and consumers across the United States. Defendant has a principal place of business located at 1 American Road, Room 714A6, Dearborn, Michigan 48126 and its registered agent in Texas is C T Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, and it regularly collects debts from consumers located in Texas.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In or around May 2016, Plaintiff took out an automobile loan ("subject debt") financed by Defendant.

10. After losing her job and suffering from health issues, Plaintiff fell on hard times and began falling behind on the payments towards the subject debt.

11. Plaintiff was able to catch up on the payments toward the subject debt after becoming employed again. However, Plaintiff fell on hard times yet again and subsequently fell behind on the payments toward the subject debt.

12. After falling behind on the payments toward the subject debt, Plaintiff began receiving harassing collection calls to her cellular phone ending in 7746, from Defendant.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7746. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Upon answering phone calls from Defendant, Plaintiff often experiences a recorded message and noticeable pause, lasting several seconds in length, before a live representative begins to speak.

15. During at least two calls placed to Plaintiff's cellular phone by Defendant, Plaintiff demanded that Defendant stop contacting her on her cellular phone.

16. Despite Plaintiff's request, Defendant continued to regularly place phone calls to Plaintiff's cellular phone without her prior consent.

17. Plaintiff has received not less than 125 phone calls from Defendant since asking it to stop calling.

18. Frustrated over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

23. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The recorded message and noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

24. Defendant violated the TCPA by placing at least 125 phone calls to Plaintiff's cellular phone using an ATDS without her prior consent. Any consent Defendant had to contact Plaintiff on her cellular phone was explicitly revoked by her demands that Defendant cease placing calls to her cellular phone.

25. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

26. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, GLORIA C. SALAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The DTPA states:

> "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code." Tex. Bus. & Com. Code § 17.46.

29. Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

30. Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

31. Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

32. Defendant's collection calls to Plaintiff's cellular phone are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

33. Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff or causing Plaintiff to be contacted on her cellular phone. Defendant called Plaintiff on her cellular phone through means of an ATDS when Defendant did not have consent to do so after Plaintiff demanded that the calls cease. Defendant ignored Plaintiff's requests and continued to place calls to Plaintiff's cellular phone without her consent. By doing so, Defendant

falsely and deceptively represented that it had the legal ability to contact Plaintiff on her cellular phone seeking collection of a debt when it was not legally entitled to take such action. Defendant had an obligation under the TCPA to cease its contacts to Plaintiff's cellular phone, but ignored this obligation in order to maximize its profits and continued to harass Plaintiff. Following its characteristic behavior in placing, or causing to be placed, voluminous calls to consumers, Defendant engaged in a deceptive act, willfully done knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

34. The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

35. The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

36. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unconscionable practices. As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3). An award of three times actual damages and punitive damages is appropriate because Defendant's conduct was committed knowingly and intentionally. After Defendant was notified by Plaintiff that she did not wish to receive any more phone calls, Defendant clearly knew that it should no longer contact Plaintiff on her cellular phone. Even still, Defendant continued to act in defiance of Plaintiff's prompt, and the law, by continuing to place collection calls to her cellular phone. In an unfair and unconscionable manner, Defendant caused Plaintiff to be called in an attempt to harass, annoy, and coerce Plaintiff into making a payment towards a debt.

37. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and, for public policy reasons, should be penalized.

**WHEREFORE**, Plaintiff, GLORIA C. SALAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code. §17.50(b)(1)(3);

c. Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code §17.50(b)(1);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 30, 2018

Respectfully submitted,

s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 537-1770
(630) 575-8188 (fax)
mdaher@sulaimanlaw.com