IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GLORIA C. SALAS § | |
| § | |
| Plaintiff / Counterclaim Defendant, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:18-CV-00748 |
| § | |
| FORD MOTOR CREDIT COMPANY § | |
| LLC, § | |
| § | |
| Defendant / Counterclaimant. § | |

### FORD MOTOR CREDIT COMPANY LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Defendant and Counterclaimant, Ford Motor Credit Company LLC ("Defendant" or "Ford Credit"), files its Response in Opposition to Plaintiff's Motion to Dismiss Defendant Ford Motor Credit Company, LLC's Counterclaim (the "Motion") filed by Gloria C. Salas ("Plaintiff" or "Salas"), Dkt. 8.

### Summary

1.  Plaintiff sued over calls related to the debt that forms the basis of Ford Credit's counterclaim. At the initial call with counsel for the Defendant, Plaintiff's counsel said Plaintiff seeks rescission of the debt that is Ford Credit's counterclaim. It is also a complete defense to Plaintiff's claim that Plaintiff gave "express consent," which is found in the same contract that forms the basis of the counterclaim.

2.  The counterclaim is compulsory, and plaintiff's motion therefore should be denied. The evidence proving that claim, the existence of a valid contract, is directly related the Plaintiff's claims under the TCPA. Namely, that the express consent given by the Plaintiff in the contract bars the claims under the TCPA — express consent is an enumerated affirmative defense under

the TCPA, and is the main defense at issue here. Plaintiff also seeks a discharge of the debt that is the subject matter of the contract, and therefore plaintiff has put the contract at-issue.

3. Even if court holds the counterclaim to be permissive (which would be incorrect here), supplemental jurisdiction exists because the TCPA claim and the breach of contract claims arise out of a common nucleus of operative facts. Under 28 U.S.C. § 1367, supplemental jurisdiction does not require the counterclaim to be compulsory. Permissive counterclaims can fall within supplemental jurisdiction.

4. Public policy supports a finding of supplemental jurisdiction to promote judicial efficiency and prevent the improper waste of resources of both the court and the parties. The same evidence and issues are involved in the claim and the counterclaim. It would be wasteful to have two separate actions.

5. Although Defendant only needs to prove it meets one of the four tests of the Fifth Circuit for compulsory counterclaims, all four tests are met here. The Court can deny the motion to dismiss because any of the four tests set forth below are met. Alternatively, the Court can deny the motion to dismiss because supplemental jurisdiction clearly exists, as the Plaintiff put the contract at-issue, and as the core defense of express consent is contained within the very same contract that forms the basis of the counterclaim.

## Arguments & Authorities

6. Precedent requires the state breach of contract action to be brought as a compulsory counterclaim because it arises from the same aggregate of operative facts. Under the Federal Rules of Civil Procedure, a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). The test for whether a counterclaim is compulsory is set forth in *Plant v. Blazer Fin. Servs.*, 598

F.2d 1357, 1360 (5th Cir. 1979): (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. "An affirmative answer to any of the four questions indicates the counterclaim is compulsory." *Id.* at 1360-61. This "test is a loose standard which permits 'a broad realistic interpretation in the interest of avoid a multiplicity of suits.'" *Id.* at 1361 (citing 3 Moore's Federal Practice ¶ 13.13 at 300).

7. Here, we have an affirmative answer to at least one of the four questions, which means the counterclaim is compulsory. Any of the following means the counterclaim is compulsory:

   a. The facts and issues raised by Salas's claim related to the "subject debt." Original Complaint, Dkt. 1, ¶ 9. The facts and issues raised by the counterclaim are also the "subject debt." Salas alleges she "fell on hard times yet again and she subsequently fell behind on the payments toward the subject debt." *Id.* at ¶ 11. The counterclaim is about Salas's non-payments towards the subject debt. Salas alleges "Defendant continued to regularly place phone calls to the Plaintiff's cellular phone without her **prior consent**." *Id.* at ¶ 16 (emphasis added). This raises the issue of whether Salas gave express, bargained-for, contractual consent, which the Defendant will show was given in the same contract it bases it counterclaim on. Express consent is a complete defense to a TCPA claim. Salas's other claim, under the Deceptive Trade Practices Act (DTPA), alleges that "Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff on her cellular phone seeking

    collection of a debt when it was not legally entitle to take such action." *Id.* at ¶ 33. Again, Salas puts at-issue the contact that is the basis of the counterclaim, because the contract gives Defendant legal entitlement to contact Plaintiff on her cellular phone.

b. *Res judicata* would bar subsequent suit based on the subject debt. *Res judicata* is appropriate if: (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). Here, both parties are identical, and are in contractual privity. Both parties have admitted the court has jurisdiction as to plaintiff's claims, which are related to the subject debt that contains the payments plaintiff promised to make, and the express consent for plaintiff to be contacted by defendant. The claim and the counterclaim are based on the same "nucleus of operative facts," which meets the last element. *Ellis v. Amex Life Ins. Co.*, 211 F.3D 935, 938 (5th Cir. 2000).

c. Substantially the same evidence will refute plaintiff's claim, because express consent is a complete defense under the TCPA. The contract that is the subject matter of the counterclaim contains the express consent of the plaintiff to be contacted, which bars plaintiff's recovery under the TCPA. The court will inevitably need to reference the contract when deciding plaintiff's case.

d. There is a logical relationship between the claim and the counterclaim because the claim is based on the "subject debt," which is the contact that forms the basis of the

counterclaim, and which contains the express consent-to-be-called made by the plaintiff as bargained-for consideration in exchange for the loan on the vehicle, which she "fell behind on the payments toward the subject debt" Original Complaint, ¶ 11. The payments toward the subject debt are the basis of the counterclaim. It would illogical to dismiss the counterclaim, as plaintiff put the contract at-issue, and as the court will need to reference the contract for both plaintiff's request to revoke the subject debt (as part of her claim), and for defendant's "express consent" defense. Additionally, the Fifth Circuit has held that a logical relationship exists where claims arise out of the same agreement. *Songcharoen v. Plastic & Hand Surgery Assocs., P.L.L.C.*, 561 Fed. Appx. 327, 341 (5th Cir. 2014) (holding a logical relationship existed where two claims arose out of separate provisions of the agreement). This is because where the claims "regard the same instruments and transactions, [] a jury would hear substantially the same facts in regard to both." *Park Club, Inc.*, v. *Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992). Here, both the plaintiff's claims and the counterclaim arise out of the same aggregate of operative facts, namely that the contract, specifically the express consent provision, is crucial to both.

Again, the Court only needs to find one of the four above tests to be true for Ford Credit's counterclaim to be compulsory, meaning the motion to dismiss has no merit.

8. While the Fifth Circuit has not directly addressed the exact issue of a counterclaim for the subject debt when the plaintiff brings a TCPA claim regarding the subject debt, cases from other courts are informative. In *Miller v. 3G Collect, LLC*, 302 F.R.D. 333, 338-39 (E.D. Pa. 2014), the court distinguished its factual scenario regarding the defendant's counterclaim for

collection of a debt and the plaintiff's TCPA claim, from seemingly similar cases involving other federal consumer protection statutes, the Fair Debt Collection Practices Act (FDCPA), the Truth in Lending Act (TILA), etc. Plaintiff only cites FDCPA cases, which are easily distinguishable from counterclaims when the plaintiff brings a TCPA claim, because express consent is an enumerated defense under the TCPA. "While, at first blush, these rulings appear to dictate the appropriate outcome in this matter," a key distinction is found in the explicit terms of the TCPA which makes "the giving of prior express consent by the debtor to the [creditor] an absolute defense to liability." *Id.* at 337-38. Like *Miller*, when Ford proves its breach of contract counterclaim, the Plaintiff's TCPA claims will be thwarted by way of the defendant's express consent affirmative defense. In *Horton v. Calvary Portfolio Services, LLC*, 301 F.R.D. 547, 551 (S.D. Cal. 2014), the judge held a counterclaim to be compulsory where the facts, of a counterclaim for breach of a car loan contract and a TCPA claim arising from defendant's allegedly wrongful acts in pursuit of said debt that the counterclaim, clearly overlapped. Similar to *Horton*, there is a "clear logical relationship" between the facts of the counterclaim and the original TCPA claim. *Id.* In the current case, the breach of contract counterclaim and the TCPA claims share facts and share legal issues.

9. While not previously addressed, it bears mentioning that a party may <u>not</u> unilaterally revoke consent when it is given as bargained-for consideration in a bilateral contract. *Reyes v. Lincoln Automotive Fin. Servs.*, 861 F.3d 51, 56-57 (2d Cir. 2017), *as amended* (Aug. 21, 2017). Although plaintiff has argued that it orally revoked consent (Dkt. 1, ¶ 24), *Reyes* holds that unilateral revocation of consent is impossible where, as here, consent-to-be-called is contractually given as part of the contractual consideration. Here, the plaintiff entered into a bilateral contract for the financing of a vehicle. In consideration of the necessary financing, she provided consent in the same contract that is at issue in the counterclaim. Defendant will show, using the contract at

issue in its counterclaim, that consent was irrevocably given. Defendant will also show, using the calls that are the subject matter of plaintiff's claim, that plaintiff did not purport to revoke consent, but instead acknowledged the debt — the same debt that is the subject of the counterclaim and the subjects of the calls plaintiff complains of.

10. In the alternative, the court has supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367. In 1990, Congress passed the supplemental jurisdiction statute, 28 U.S.C. § 1367, which provides that in any case properly brought in federal court, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the *same case or controversy* under Article III." § 1367(a) (emphasis added). Under § 1367(a), the question is whether the supplemental claims are so related to the original claims that they derive from "a common nucleus of operative fact." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Halmekangas v. State Farm Fire & Cas. Co.,* 603 F.3d 290, 293 (5th Cir.2010).

11. This is not a permissive counterclaim, but if the Court finds that it is, supplemental jurisdiction exists. In contrast to compulsory counterclaims, permissive counterclaims must either be supported by independent grounds of federal jurisdiction *or* fall within the supplemental jurisdiction of the court under 28 U.S.C. § 1367. 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1403 (3d ed. 2010).

12. Plaintiff's arguments ignore § 1367. Before Section 1367 was passed in 1990, courts, including the Fifth Circuit, routinely held that permissive counterclaims required an independent jurisdictional basis before a federal court could exercise subject matter jurisdiction over such claims. *See e.g. Plant v. Blazer Financial Servs.*, 598 F.2d 1357, 1359 (5th Cir. 1979).

Section 1367, however, does not draw a distinction between compulsory and permissive counterclaims and simply refers to "*all other claims* that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "[T]he consensus among the courts of appeals and the numerous district courts that have considered the issue is that § 1367 supersedes case law on supplemental jurisdiction, and it is no longer the case that permissive counterclaims must be supported by an independent basis for jurisdiction, but rather must only meet the test for supplemental jurisdiction under § 1367(a)." *Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 WL 6415667 (W.D. Tex. Dec. 6, 2013) (Austin, M.J.) (citing cases).

13. Supplemental jurisdiction clearly exists here, where plaintiff's case is based on calls related to the debt that is the very subject of the counterclaim, and where the key defense in this case is whether plaintiff gave bargained-for, contractual consent, which is in the same contract that forms the basis of the counterclaim.

14. The counterclaim and the original complaint share a common nucleus of operative facts, because Plaintiff seeks rescission of the debt that forms the basis of the counterclaim, and because the key defense is based on the same contract that forms the basis of the counterclaim. Throughout her complaint, plaintiff puts the contract at-issue. The claim and the counterclaim share common facts, the contract is at-issue in both the complaint and in the main defense, and the body of evidence for the counterclaim will be used in deciding the original claim.

## Conclusion

15. It would be wasteful and illogical to dismiss the counterclaim, as duplicative evidence and issues would necessarily be used in proving the counterclaim. For the reasons set forth above, the motion to dismiss should be denied.

Respectfully submitted,

**LANGLEY LLP**

By: <u>   /s/ *Max Langley*   </u>
Keith A. Langley
State Bar No. 11919500
Max Langley
State Bar No. 24102060
1301 Solana Blvd.
Building 1, Suite 1545
Westlake, Texas 75262
214-722-7160
214-722-7161 (Fax)
klangley@l-llp.com
mlangley@l-llp.com

**ATTORNEYS FOR FORD MOTOR CREDIT COMPANY LLC**

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following, in accordance with the Federal Rules of Civil Procedure on this the 8th day of November 2018.

Marwan R. Daher, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148

/s/ *Max Langley*<br>Max Langley