# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| GLORIA C. SALAS,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR CREDIT COMPANY, LLC,<br><br>    Defendant. | CASE NO: 1:18-cv-00748<br><br>Honorable Judge Robert Pitman |

## PLAINTIFF GLORIA C. SALAS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT FORD MOTOR CREDIT COMPANY'S COUNTERCLAIM

**NOW COMES** GLORIA C. SALAS ("Plaintiff"), by and through her counsel, Marwan Rocco Daher, filing this reply memorandum in support of her Motion to Dismiss Defendant FORD MOTOR CREDIT COMPANY, LLC's ("Defendant"), counterclaim as this Court lacks jurisdiction over Defendant's counterclaim. In support thereof, Plaintiff states as follows:

### I. BACKGROUND

Plaintiff initiated a claim against Defendant on August 30, 2018 for illegally placing harassing phone calls to Plaintiff's cellular telephone. Doc. No. 1. Defendant filed its Answer on October 5, 2018 denying liability and asserting a counterclaim, not about phone calls, but for breach of contract regarding a retail installment contract for a vehicle. Doc. No. 6. Plaintiff moved to dismiss Defendant's breach of contract counterclaim contending the Court lacks subject matter jurisdiction over Defendant's counterclaim because it doesn't state a basis to assert federal jurisdiction nor is the counterclaim derived from a common nucleus of operative facts as Plaintiff's Complaint. Further, public policy requires the Court to refuse to exercise supplemental jurisdiction over the proposed counterclaim. Defendant filed a brief in opposition to Plaintiff's Motion to Dismiss which

is unmoving and fails to form a basis to assert jurisdiction over its breach of contract counterclaim which is regulated by state law.[1] For the reasons outlined below, and in Plaintiff's Motion to Dismiss, Defendant's counterclaim should be dismissed.

## II. ARGUMENT

### A. Defendant's State Law Breach of Contract Counterclaim is Not Derived From a Common Nucleus of Operative Facts as Plaintiff's Federal TCPA Claim

Defendant erroneously asserts that Plaintiff's TCPA claim and its counterclaim for breach of contract derive from a common nucleus of operative facts. Specifically, Defendant summarizes that the contract which created the debt at issue is central to Plaintiff's TCPA claim and Defendant's breach of contract claim, thus form part of the same case or controversy. This simply is not true.

Defendant attempts to circumvent Fifth Circuit case law by stating that under 28 U.S.C. §1367, supplemental jurisdiction does not require the counterclaim to be compulsory. Permissive counterclaims can fall within supplemental jurisdiction. The Fifth Circuit has not directly addressed how §1367 affects the traditional rule requiring an independent grant of jurisdiction for permissive counterclaims to remain in federal court. *See NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, 12-1424, 2013 U.S. Dist. LEXIS 16178, 2013 WL 460068, at *4, n.4 (N.D. Tex. 2013) ("There does not appear to be universal agreement about the effect of the 'supplemental jurisdiction' statute on this old regime, and the Fifth Circuit has not ruled on this question."); *Cordero v. Voltaire*, LLC, 2013 U.S. Dist. LEXIS 172532, [WL] at *3(W.D. Tex. December 6, 2013) ("Although the Fifth Circuit has not addressed the issue, the consensus among the courts of appeals and the numerous district courts . . . is that §1367 supersedes case law on supplemental

---

[1] It should be noted that Defendant specifically chose not to distinguish or even address any of the cases Plaintiff presented in her Motion to Dismiss.

jurisdiction, and it is no longer the case that permissive counterclaims must be supported by an independent basis for jurisdiction . . . ."); *see also Coronado v. D N.W. Houston, Inc.*, 13-2179, 2014 U.S. Dist. LEXIS 83763, 2014 WL 2779548, at *3 (S.D. Tex. June 19, 2014) (acknowledging that "[c]ourts have held that under §1367, even though permissive counterclaims do not arise out of the same transaction and occurrence, they may still form part of the same Article III case or controversy . . . .").

In *Coronado*, plaintiffs sued under the FLSA and argued that their employer wrongly classified them as independent contractors exempt from the FLSA. 2014 U.S. Dist. LEXIS 83763, 2014 WL 2779548, at *2. Defendant counterclaimed for breach of contract. *Id*. The court held that defendant's counterclaim were permissive and that they "[did] not form part of the same Article III case or controversy as the FLSA claims." 2014 U.S. Dist. LEXIS 83763, [WL] at *4. Moreover, the court determined that "[e]ven if there was supplemental jurisdiction over the counterclaims, this court would decline to exercise it," citing that it had discretion to "decline to exercise supplemental jurisdiction when 'there are other compelling reasons for declining jurisdiction.'" *Id*. (citing 28 U.S.C. § 1367(c)(4)). *See also*, *Alford v. State Parking Services*, Civil Action No. 3:13-CV-4546-L, 2014 U.S. Dist. LEXIS 171017 (N.D. Tex. Dec. 10, 2014). Even if this court were to determine that it has supplemental jurisdiction, there are compelling reasons to decline to exercise it. Defendant's counterclaim arises solely under state law and shares little, if any, overlap with Plaintiff's TCPA claim. Here, Defendant's counterclaim for breach of contract does not form the same case or controversy under Article III as Plaintiff's TCPA claim for harassing phone calls to her cellular phone.

In *Ramsey*, the court granted the plaintiff's motion to dismiss a counterclaim, because "the proof needed to establish Defendant's violation of the TCPA (e.g., calls made, without express

3

consent, with an automatic telephone dialing system or an artificial or prerecorded voice*) is **different** from the proof needed to establish Plaintiff's breach of Contract." *Ramsey v. GM Fin. Co.,* 2015 U.S. Dist. LEXIS 143650, at *5 (M.D. Tenn. Oct. 22, 2015). The court concluded that the claims were "completely separate and distinct from one another." *Id*. Defendant's violation of the TCPA herein will be evidenced through the same, if not identical, sources as those noted in *Ramsey*. Therefore, Plaintiff's Motion to Dismiss Defendant's counterclaim should be granted.

The *Dayton* court also held that a plaintiff's motion to dismiss a counterclaim should be granted when the factual connection between the plaintiff's complaint and the defendant's counterclaim is not sufficient, just as the case at bar. *Dayton Superior Corp. v. Yan*, 2013 U.S. Dist. LEXIS 58009, at *8 (S.D. Ohio Apr. 22, 2013). In *Dayton*, the court found that adjudication of plaintiff's complaint and defendant's counterclaim involved "different issues of law," and that while both the complaint and counterclaim dealt with plaintiff's subject employment, this connection was "not sufficient." *Id.*

The law that is applicable to Plaintiff's contract with Defendant is governed by state statute.[2] Plaintiff's TCPA claim is controlled by federal statute. 47 U.S.C. § 227. "The elements of a cause of action for breach of contract are: (1) the existence of a valid contract; (2) performance tendered performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained as a result of the breach." *Dabney v. CitiMortgage, Inc.*, No. 5:16-CV-00987-XR, 2016 U.S. Dist. LEXIS 167058 (W.D. Tex. Dec. 2, 2016) (citing *Winchek v. Am. Exp. Travel Related Servs. Co.,* 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). On the other hand, "to prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that

---

[2] Defendant fails to address the fact that in the underlying contract, there is a clause titled: APPLICABLE LAW: "You agree that this contract is to be governed by the laws of the State of Texas."

4

(1) the defendant called his or her cell phone, and (2) the defendant did so using an ATDS or an artificial or prerecorded voice." *Levy v. Receivables Performance Mgmt., LLC*, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013). The purpose of the call is irrelevant to a TCPA claim, so long as it is for a non-emergency purpose. 447 U.S.C. § 227(b)(1)(A). Defendant's Brief in Opposition to Plaintiff's Motion to Dismiss admits that the calls were not for emergency purposes but to try and collect a debt. Doc. No. 9.

Moreover, Defendant attempts to divert this court's attention by introducing an argument that the agreement between the parties has a provision of "prior express consent" and this is central to Plaintiff's TCPA claim. Realizing it has no other argument, Defendant grasps at straws by altering the issue into whether or not Plaintiff is allowed to revoke consent in the first place by way of the contract. Positing this argument is puzzling in and of itself, considering the TCPA was enacted by the Federal Government to protect consumers from unsolicited communications. It is incomprehensible that Congress intended for a business to include language in a consumer agreement that would allow the business to contract away a consumer's federally bestowed right. Likewise, the Defendant fails to address Plaintiff's argument that, any consent that may have been given, was expressly revoked. *See* Doc. 1, ¶15, 16, 17, 24, 33. Thus, the underlying contract has no bearing on Plaintiff proving her elements of a TCPA claim and is not derived from a common nucleus of operative facts as Plaintiff's Complaint.

Therefore, it is clear that Plaintiff's TCPA claim and Defendant's breach of contract claim address very different conduct and issues of law. Defendant's state law breach of contract counterclaim is not related to its conduct, which serves the basis for Plaintiff's federal TCPA claim about Defendant's illegal phone calls, regardless of the purpose of those calls. The only issues to be addressed for Plaintiff's TCPA claim are whether Defendant called her cell phone, whether it

used an automatic telephone dialing system, and if it did, whether Plaintiff revoked any prior consent. Defendant's proposed counterclaim addresses whether there was a valid contract, what the terms of that contract were, and whether the parties met their obligations under the contract. Indeed, nothing in Defendant's proposed counterclaim addresses its harassing phone calls to Plaintiff. Accordingly, Plaintiff's claim and Defendant's counterclaim are not derived from a common nucleus of operative facts and Plaintiff's Motion to Dismiss should be granted.

### B. The Interests of Judicial Economy and Efficacy Do Not Support Exercising Supplemental Jurisdiction

The important issue is whether the counterclaim should even be considered by the Court alongside Plaintiff's outstanding claims; it should not. While Defendant asserts that exercising supplemental jurisdiction will "promote judicial efficiency," this is simply untrue. "Federal courts should exercise judicial restraint and avoid state law issues wherever possible." *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000).

The *Robles* court explored the notion of judicial economy in an issue similar to the case at bar. *Robles v. Ally Bank*, 2013 U.S. Dist. LEXIS 417 (S.D. Cal. Jan. 2, 2013). There, plaintiff's complaint asserted a violation of the Rosenthal Fair Debt Collection Act, while defendant counterclaimed for breach of contract. *Robles*, 2013 U.S. Dist. LEXIS 417. The *Robles* decision utilizes the logical relationship test, which requires the court to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* at *9. Using this standard, the court opined that the claims did not bear any "logical relation to one another," and found that the counterclaim for breach of contract was permissive rather than compulsory, denying defendant's leave to file its counterclaim. *Id.*

In this matter, Plaintiff's Motion to Dismiss asks the court to take action nearly identical

to that of *Robles*. There is no threat of any inconsistent rulings. Furthermore, Defendant is free to plead set-off as an affirmative defense. However, Defendant's efforts to overshadow Plaintiff's federal TPCA claim for unwanted and harassing phone calls, regardless of the nature of those calls, with its attempt to justify its calls by filing a breach of contract claim against Plaintiff simply is not permitted. Therefore, this Court should dismiss Defendant's counterclaim.

## III. CONCLUSION

The Court should dismiss Defendant's breach of contract counterclaim for lack of subject matter jurisdiction. The Court lacks supplemental jurisdiction over Defendant's counterclaim because the claims simply do not arise out of the same case or controversy. Even if the Court finds that the claims arise from a common nucleus of operate facts, it would not be in the interest of judicial economy to hear them jointly because the proof required to establish both claims is completely separate and unrelated. For the reasons stated herein, Defendant's counterclaim should be dismissed.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order dismissing Defendant's Counterclaim.

Dated: November 15, 2018

Respectfully submitted,

/s/ Marwan R. Daher
*Counsel for Plaintiff*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Lombard, IL 60148
Phone: (630) 537-1770
mdaher@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 15, 2018 a true and correct copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.