## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| GLORIA C. SALAS,<br><br>     Plaintiff,<br><br>v.<br><br>FORD MOTOR CREDIT COMPANY, LLC,<br><br>     Defendant. | CASE NO: 1:18-cv-00748<br><br>Honorable Judge Robert Pitman |

## PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY

**NOW COMES** Plaintiff, Gloria C. Salas, by and through her undersigned counsel, seeking leave to submit supplemental authority in support of her opposition to Ford Motor Credit Company, LLC's ("Defendant") counterclaim, and in support thereof, stating the following:

1. On August 30, 2018, Plaintiff filed a federal complaint in the Western District of Texas, Austin Division. Plaintiff's Complaint asserts violations of the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227, *et seq.,* and the Texas Deceptive Trade Practices Act ("DTPA") Tex. Bus. & Com. Code § 17 [Doc. No. 1].

2. On October 5, 2018, Defendant answered the Complaint and filed Counterclaim for breach of contract seeking no less than $16,039.23, finance charges, post-judgment interest, and reasonable attorneys' fees and costs. [Doc. No. 6].

3. On October 25, 2018. Plaintiff filed a Motion to Dismiss Defendant's breach of contract Counterclaim for lack of subject matter jurisdiction. [Doc. No. 8].

4. On November 8, 2018, Defendant filed its opposition to Plaintiff's motion. [Doc. No. 9].

5. On November 15, 2018, Plaintiff filed her reply to Defendant's opposition motion. [Doc. No. 10].

6.  Since Plaintiff's Motion to Dismiss Defendant's counterclaim has been fully briefed, one court, in the Northern District of Iowa, has ruled on the very issues before this court. *See Ensz v. Chase Bank United States Na*, No. 18-cv-2065-CJW-MAR, 2019 U.S. Dist. LEXIS 2148 (N.D. Iowa Jan. 7, 2019). Attached hereto as Exhibit A.

7.  In *Ensz*, similar to the instant case, the plaintiff brought a two-count complaint alleging violations of the TCPA. Defendant Chase Bank subsequently brought three counterclaims for breach of contract, account stated, and quantum meruit, based on the allegations that pursuant to a written agreement with plaintiff, defendant issued a credit card account in plaintiff's name, and that plaintiff incurred $4,742.90 in charges that are now past due. *Id.*

8.  In response, the plaintiff filed her motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) arguing that the Court lacks subject matter jurisdiction over Defendant's counterclaims.

9.  In *Ensz*, the court sought to determine the following two issues:

> 1) Whether defendant's permissive counterclaims form a part of the same case or controversy as plaintiff's claims, and

> 2) if so, whether compelling reasons exist for the Court to decline jurisdiction over defendant's counterclaims. *Id.*

10. The court ultimately held that Plaintiff's TCPA claims is not premised on the existence or validity for any underlying agreement with, or debt to, defendant and that defendant's counterclaims do not derive from the same common nucleus of operative facts. *Id* at*15.

11. Moreover, the court also held that even if defendant's counterclaims form a part of the same case or controversy as plaintiff's [TCPA] claims, the Court would still decline to exercise jurisdiction over the counterclaims. The court reasoned that: "The chilling effect of defendant's counterclaims on future TCPA claims undermines the remedial purpose of the TCPA and

constitutes an exceptional circumstance permitting the Court to decline jurisdiction under Section 1367(c)(4). *Id* at *20.

12. The court granted Plaintiff's Motion to Dismiss Counterclaim pursuant to Rule 12(b)(1).

13. Accordingly, Plaintiff believes that Plaintiff's Motion to Dismiss Defendant's counterclaims in this case deserves the same fate (granted) as Defendant's Motion's in the *Ensz* case.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant her leave to submit the attached supplemental authority in opposition to Defendant's Motion for Attorney's Fees.

Dated: January 10, 2019                             Respectfully submitted,

                                                    s/ Marwan Daher
                                                    Marwan R. Daher, Esq.
                                                    *Counsel for Plaintiff*
                                                    Sulaiman Law Group, Ltd.
                                                    2500 South Highland Ave., Suite 200
                                                    Lombard, Illinois 60148
                                                    (630) 537-1770 (phone)
                                                    (630) 575-8188 (fax)
                                                    mdaher@sulaimanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Marwan R. Daher, an attorney, certify that on January 10, 2019, I caused the foregoing **MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY** to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

<u>/s/ Marwan R. Daher</u>