# EXHIBIT A



**User Name:** Marwan Daher1

**Date and Time:** Thursday, January 10, 2019 1:03:00 PM CST

**Job Number:** 80527123

## Document (1)

1. *Ensz v. Chase Bank United States Na, 2019 U.S. Dist. LEXIS 2148*
   **Client/Matter:** -None-

| About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2019 LexisNexis

Marwan Daher1

No *Shepard's* Signal™
As of: January 10, 2019 7:03 PM Z

# Ensz v. Chase Bank United States Na

United States District Court for the Northern District of Iowa, Eastern (waterloo) Division

January 7, 2019, Decided; January 7, 2019, Filed

No. 18-cv-2065-CJW-MAR

**Reporter**
2019 U.S. Dist. LEXIS 2148 *

STARLYN ENSZ, Plaintiff/Counter-Defendant, vs. CHASE BANK USA NA, Defendant/Counter-Plaintiff.

## Core Terms

counterclaims, supplemental jurisdiction, judicial notice, affirmative defense, case or controversy, permissive, courts, operative fact, district court, collection, telephone, nucleus, parties, motion to dismiss, pleadings, alleges, reasons, defendant argues, discovery, subject matter jurisdiction, exceptional circumstances, plaintiff's claim, remedial purpose, chilling effect, alleged debt, resistance, consumers, requires, facial, cases

**Counsel:** [*1] For Starlyn Ensz, Plaintiff: Jason R Ravnsborg, LEAD ATTORNEY, Harmelink Fox & Ravnsborg, Yankton, SD; Carlos C Alsina-Batista, PRO HAC VICE, The Law Offices of Jeffrey Lohman PC, Corona, CA.

For Chase Bank USA NA, Defendant, Counter Claimant: Lance W Lange, LEAD ATTORNEY, Faegre Baker Daniels LLP, Des Moines, IA; Arjun P Rao, PRO HAC VICE, Stroock & Stroock & Lavan LLP, Los Angeles, CA.

For Starlyn Ensz, Counter Defendant: Jason R Ravnsborg, LEAD ATTORNEY, Harmelink Fox & Ravnsborg, Yankton, SD; Carlos C Alsina-Batista, The Law Offices of Jeffrey Lohman PC, Corona, CA.

**Judges:** C.J. Williams, United States District Judge.

**Opinion by:** C.J. Williams

## Opinion

### ORDER

This matter is before the Court on plaintiff Starlyn Ensz's Motion to Dismiss Counterclaim Pursuant to *Rule 12(b)(1)*. (Doc. 13). Defendant Chase Bank timely filed a resistance. (Doc. 15). Concurrently with its resistance, defendant filed a Request for Judicial Notice, in which defendant requests that the Court take judicial notice of the requests for production that plaintiff propounded on defendant. (Docs. 15-1, 15-2). Plaintiff did not file a resistance to defendant's request for judicial notice. For the following reasons, plaintiff's motion (Doc. 13) is **granted**, and defendant's [*2] request for judicial notice (Doc. 15-1) is **denied**.

### I. BACKGROUND

Plaintiff brought her two-count complaint alleging violations of the Telephone Consumer Protection Act, Title *47, United States Code, Section 227(b)(3)* ("*TCPA*"). (Doc. 1). Plaintiff's complaint alleges that "[d]efendant placed collection calls to [p]laintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by [d]efendant." (*Id.*, at 2). Plaintiff alleges that these collection calls violated the *TCPA*. (*Id.*, at 2-5). Plaintiff further alleges that she never consented to the aforementioned collection calls, or if she consented she revoked consent prior to the calls at issue in this case. (*Id.*, at 3).

In its answer, defendant raised numerous affirmative defenses, including the affirmative defenses of "Set Off" and "Prior Express Consent." (Doc. 6, at 12-13). Defendant also brought three counterclaims for breach of contract, account stated, and quantum meruit, based on the allegations that pursuant to a written agreement with plaintiff, defendant issued a credit card account in plaintiff's name, and that plaintiff incurred $4,742.90 in charges that are now past due. (Doc. 6, at 15-19). In response, plaintiff filed her motion to dismiss under *Federal Rule of Civil Procedure 12(b)(1)*, arguing [*3] that this Court lacks subject matter jurisdiction over defendant's counterclaims. (Doc. 13).

Defendant urges the Court not to dismiss the counterclaims because the counterclaims bear a "loose connection" to the facts underlying plaintiff's complaint. (Doc. 15, at 11). Specifically, defendant argues that its aforementioned affirmative defenses put the cardmember agreement and the amount of plaintiff's alleged debt "squarely at issue" in this case. (*Id.*, at 7, 13-16). Defendant further asserts that it placed the calls at issue to collect the same alleged $4,742.90 debt underlying the counterclaims. (*Id.*, at 16-18). For these reasons, defendant asserts that the counterclaims meet the standard for the Court to exercise supplemental jurisdiction over the counterclaims. (*Id.*, at 16-20). Finally, defendant urges the Court to exercise jurisdiction over defendant's counterclaims because doing so will promote efficiency, and there is no basis upon which the Court may exercise its discretion to decline supplemental jurisdiction. (*Id.*, at 20-25).

## II. APPLICABLE LAW

A party may move, before its answer, to dismiss a claim for lack of subject matter jurisdiction. *Fed. R. Civ. P. 12(b)(1)*. "In deciding a motion under *Rule 12(b)(1)*, the district court must distinguish between a facial attack— where **[\*4]** it looks only to the face of the pleadings— and a factual attack—where it may consider matters outside the pleadings." *Croyle ex. rel. Croyle v. United States, 908 F.3d 377, 380 (8th Cir. 2018)*. In ruling on a facial challenge, the court assumes all factual allegations regarding jurisdiction are true, and the court will grant the motion if claimant fails to allege sufficient facts to confer subject matter jurisdiction on the court. *Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993)*. Accordingly, "[t]he burden of proving federal jurisdiction . . . is on the party seeking to establish it, and [t]his burden may not be shifted to the other party." *Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010)* (second alteration in original) (internal quotation marks omitted).

In determining subject matter jurisdiction, the Court is mindful that "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton, 568 U.S. 251, 256 (2013)* (citations and internal quotation marks omitted). "Federal district courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States' and 'all civil actions' where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties." *Graf v. Pinnacle Asset Grp., LLC*, Civ. No. 14-1822-*SRN/SER, 2015 WL 632180, at \*2 (D. Minn. Feb. 12, 2015)* (quoting *28 U.S.C. §§ 1331, 1332*). In addition **[\*5]** to federal question and diversity jurisdiction, courts also have supplemental jurisdiction:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*28 U.S.C. § 1367(a)*. Claims are a part of the same case or controversy if they "derive from a common nucleus of operative fact," and the parties would ordinarily expect to try them in one judicial proceeding. *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 963 (8th Cir. 2011)* (internal quotation marks omitted). *Section 1367* provides district courts discretion to decline supplemental jurisdiction in certain cases, including under "exceptional circumstances" where "there are other compelling reasons for declining jurisdiction." *28 U.S.C. § 1367(c)(4)*.

There is no dispute that courts have supplemental jurisdiction over compulsory counterclaims, *St. Jude Med., Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 594 (8th Cir. 2001)*, which are claims "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Fed. R. Civ. P. 13(a)*. The parties have not cited, nor has the Court found, binding authority addressing **[\*6]** whether supplemental jurisdiction under *Section 1367(a)* extends beyond the scope of *Rule 13(a)* to permissive counterclaims as defined in *Rule 13(b)*. Some courts have held that supplemental jurisdiction under *Section 1367(a)* applies only to compulsory counterclaims, while other courts have found that supplemental jurisdiction extends to some permissive counterclaims. *See Graf, 2015 WL 632180, at \*3* (citing numerous cases comparing the competing views on supplemental jurisdiction).

## III. DISCUSSION

The parties do not dispute that defendant's counterclaims are permissive, and the parties agree that the Court does not have independent federal question or diversity jurisdiction over defendant's counterclaims. Therefore, the Court must determine 1) whether defendant's permissive counterclaims form a part of the

same case or controversy as plaintiff's claims, and 2) if so, whether compelling reasons exist for the Court to decline jurisdiction over defendant's counterclaims.

### A. Motion to Dismiss

#### 1. Application of Section 1367 to Permissive Counterclaims Generally

To determine if the Court has jurisdiction over defendant's permissive counterclaims, the Court must first determine whether Section 1367 applies to any permissive counterclaims. Other courts within the Eighth Circuit have addressed whether **[*7]** Section 1367 applies to permissive counterclaims and have assumed, without deciding, that Section 1367 provides district courts with supplemental jurisdiction over at least some permissive counterclaims. *See id.* at *5 ("Even assuming, however, that some permissive counterclaims may come within the Court's supplemental jurisdiction under § 1367(a) . . .."); *Riazi v. Ally Fin., Inc.*, No. 17-CV-1705-JCH, 2017 WL 4260847, at *4 (E.D. Mo. Sept. 26, 2017) ("The Court will presume, for purposes of the pending Motion, that at least some permissive counterclaims fall within [a] federal court's supplemental jurisdiction."). The Court will assume, for purposes of this motion, that at least some permissive counterclaims can "form a part of the same case or controversy" to confer jurisdiction on the Court under Section 1367(a), and the Court will analyze whether the Court has supplemental jurisdiction over defendant's counterclaims in this case.

#### 2. Application of Section 1367(a) to Defendant's Counterclaims

##### a. Affirmative Defenses

Defendant's first argument in support of the Court having jurisdiction is that defendant's affirmative defenses put the validity of the alleged cardholder agreement and the amount of plaintiff's alleged debt at issue, which, in turn, form the basis of defendant's counterclaims. (Doc. 15, at 13-16). **[*8]** As a threshold matter, the Court must determine if Section 1367 permits the Court to consider defendant's affirmative defenses in determining supplemental jurisdiction. Defendant has not cited any binding authority in support of its proposition that the Court can consider a defendant's affirmative defenses in determining whether the Court has supplemental jurisdiction over the defendant's counterclaims.

"Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *LaCurtis v. Express Med. Transporters, Inc.*, 856 F.3d 571, 578 (8th Cir. 2017) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, (1997)). Section 1367 provides, in relevant part, "district courts shall have supplemental jurisdiction over all other *claims* that are so related to *claims* in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (emphasis added). When interpreting statutes governing the Court's jurisdiction, the Court must assume that Congress is aware of the Federal Rules of Civil Procedure. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 170 (2014). When Congress enacted Section 1367, the Federal Rules of Civil Procedure differentiated the pleading requirements for "claims" and "affirmative defenses." *See* Fed. R. Civ. P. 8(a), (c) (1990).[1] Given that Section 1367 expressly mentions claims but does not mention **[*9]** affirmative defenses, in determining supplemental jurisdiction, "[t]he issue is whether the counterclaims and the claims, not the potential affirmative defenses to those claims, are so related as to form the same case or controversy." *Lawrence & Assocs., Inc. v. Amdocs Champaign, Inc.*, No. 405CV2306-SNL, 2007 WL 390732, at *3 (E.D. Mo. Jan. 31, 2007); *see also Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1051 (D. Ariz. 2018) ("[B]oth Rule 13 and § 1367 speak only of the relationship between *claims* and contain no reference to the relationship between an affirmative defense and a purported counterclaim. . . . [T]he Court cannot conclude that a counterclaim's relation to an affirmative defense is sufficient to establish supplemental jurisdiction."). The Court finds that the plain language of Section 1367 does not permit the Court to consider defendant's affirmative defenses in determining whether the Court has supplemental jurisdiction over defendant's counterclaims.

---

[1] Rule 8 has subsequently been amended, but none of the subsequent amendments affect the delineation of "claims" and "affirmative defenses." Fed. R. Civ. P. 8 Committee Notes on Rules—2007 Amendment, Committee Notes on Rules—2010 Amendment (2019).

*b. Same Case or Controversy*

In light of the Court's interpretation of Section 1367(a), the Court must compare defendant's counterclaims and plaintiff's **TCPA** claims to determine if they form a part of the same case or controversy such that the Court has supplemental jurisdiction over the counterclaims. Claims arise from the same case or controversy where they "derive from a common **[\*10]** nucleus of operative fact." ABF Freight Sys., Inc., 645 F.3d at 963. Defendant argues that there is a common nucleus of operative facts because the calls that plaintiff alleges violated the **TCPA** were made for the purpose of collecting the debt that defendant seeks to recover in its counterclaims. (Doc. 15, at 17). Defendant points to several cases where courts found that counterclaims to collect a debt formed a part of the same case or controversy as **TCPA** claims arising from calls placed for the purpose of collecting said debt. (Doc. 15, at 17-18) (citing *Coleman v. Dish Network LLC*, No. LA CV17-02460 JAK (AFMx), 2017 WL 6888289, at *5 (C.D. Cal. Nov. 22, 2017); *Wilson v. Discover Bank*, No. 3:12-CV-05209-RBL, 2012 WL 1899539, at *3 (W.D. Wash. May 24, 2012); *Gonzalez v. Chase Bank USA, N.A.*, No. 3:18-cv-00431-CAB-AGS, 2018 WL 2461490, at *5 (S.D. Cal. June 1, 2018); *Edwards v. Equitable Acceptance Corp.*, No. 1:14-CV-00888, 2015 WL 3607297, at *4 (N.D. Ohio June 8, 2015); and *Bates v. Am. Credit Acceptance, LLC*, No. 16-12239, 2016 WL 5477429, at *3 (E.D. Mich. Sept. 29, 2016)).

On the other hand, numerous courts have compared the elements of a **TCPA** claim and the defendant's counterclaims to collect the underlying debt, and those courts have held that the counterclaims do not form a part of the same case or controversy. See Ammons v. Ally Fin., Inc., 305 F. Supp. 3d 818, 822-23 (M.D. Tenn. 2018) ("Resolution of the **TCPA** claim necessitates inquiry into the facts surrounding Ally's alleged automated, non-emergency telephone calls placed to Ammons's cellular telephone without Ammons's express consent. . . . On the **[\*11]** other hand, resolution of Ally's fraudulent inducement Counterclaim requires factual inquiry into issues of state fraud and contract law and the validity of an alleged debt. Ammons's **TCPA** claim and Ally's Counterclaim . . . do not share a common nucleus of operative fact dependent on the other."); Tilley v. Ally Fin., Inc., No. 16-CV-14056, 2018 WL 1535413, at *1 (E.D. Mich. Mar. 29, 2018) ("Tilley's **TCPA** claim arises out of the (alleged) facts that Ally used an automated device to call her repeatedly without her consent. Ally's counterclaim, in contrast, derives from the (alleged) facts that Tilley failed to fulfill her payment obligations to Ally. The nuclei of facts from which the respective claims arise are thus distinct, and, accordingly, this Court lacks supplemental jurisdiction over Ally's counterclaim."); *Vecchia v. Ally Fin., Inc.*, No. 8:17-CV-2977-T-23AAS, 2018 WL 907045, at *1 (M.D. Fla. Feb. 15, 2018) (holding that defendant's breach of contract and detinue claims did not form a part of the same case or controversy where "the counterclaims largely require[d] different evidence" than the plaintiff's **TCPA** claim); Riazi, 2017 WL 4260847, at *5 ("[T]he Court finds that the operative facts of Ally's breach of contract counterclaim are distinct and separate from the operative facts necessary for Riazi's proving her **TCPA** claim. In particular, **[\*12]** the existence of a contract between Riazi and Ally, Riazi's default under the contract, and the amount and nature of Riazi's alleged debt are not relevant to Riazi's proving her **TCPA** claim. . . . [T]herefore, this Court does not have supplemental jurisdiction over Ally's counterclaim."); *Ramsey v. Gen. Motors Fin. Co.*, No. 3-15-0827, 2015 WL 6396000, at *2 (M.D. Tenn. Oct. 22, 2015) ("The proof needed to establish Defendant's violation of the **TCPA** (*e.g.*, calls made, without express consent, with an automatic telephone dialing system or an artificial or prerecorded voice) is different from the proof needed to establish Plaintiff's breach of the Contract (*e.g.*, existence of a valid contract, default, damages). . . . Defendant's Counter—Complaint does not arise out of the same case or controversy or the same operative facts as Plaintiff's federal claim."); see also *Ginwright v. Exeter Fin. Corp.*, No. TDC-16-0565, 2016 WL 5867443, at *4 (D. Md. Oct. 6, 2016).

The Court finds the cases comparing the elements of the **TCPA** claim and the counterclaims persuasive. The focus of the Court's inquiry is on not just whether there is some factual connection between the claims and counterclaims, but whether there is a connection between the "operative" facts. ABF Freight Sys., 645 F.3d at 963. The elements of the parties' **[\*13]** claims dictate which facts are operative and which facts are merely background or context. The Court will, therefore, compare the elements of Plaintiff's **TCPA** claim and defendant's state law claims to determine if they derive from a common nucleus of operative facts.

To prevail on its claim for breach of contract, defendant must prove the existence and terms of the contract, that defendant performed its obligations under the contract, that plaintiff breached the contract, and that defendant suffered damages. *Iowa Arboretum, Inc. v. Iowa 4-H Found.*, 886 N.W.2d 695, 706 (Iowa 2016). Defendant's

account stated claim requires that defendant establish:

> (1) an agreement with the [plaintiff]; (2) a final statement showing the [plaintiff]'s address; (3) competent evidence showing the billing statements were sent to the [plaintiff] at the address provided by the [plaintiff], the sum total of which were summarized in the final statement; and (4) evidence showing the [plaintiff] used the account and did not object to the monthly statements.

*Citibank, N.A. v. Surber, 871 N.W.2d 703, 2015 WL 5278952, at *1 (Iowa Ct. App. 2015)* (unpublished); *Iowa Code § 537.5114(1)*. Finally, the elements of defendant's quantum meruit (also known as an implied contract) claim are:

> (1) plaintiff performed under circumstances reasonably indicating the performance **[*14]** was for the benefit of defendant and not another person; (2) plaintiff performed under circumstances reasonably indicating payment was expected; and (3) the services provided by the plaintiff were beneficial to the defendant.

*Iowa Network Servs., Inc. v. Qwest Corp., 385 F. Supp. 2d 850, 910 (S.D. Iowa 2005)*, aff'd, *466 F.3d 1091 (8th Cir. 2006)* (citing *Scott v. Grinnell Mut. Reinsurance Co., 653 N.W.2d 556, 562 (Iowa 2002)*; *Iowa Waste Sys., Inc. v. Buchanan Cnty., 617 N.W.2d 23, 28 (Iowa Ct. App. 2000))*. In short, each of defendant's counterclaims requires that defendant prove the existence of an express or implied agreement between the parties, that plaintiff incurred a debt to defendant pursuant to that agreement, that defendant failed to repay the debt, and the amount owed.

The elements of plaintiff's **TCPA** claim are: (1) defendant called plaintiff's cellular telephone number, (2) using an automatic telephone dialing system or an artificial or prerecorded voice, (3) defendant did not make the calls for emergency purposes, and (4) defendant made the calls without plaintiff's prior express consent. *Ammons, 305 F. Supp. 3d at 823* (citing *47 U.S.C. § 227(b)(1)(A)(iii)*). Plaintiff's **TCPA** claim is not premised on the existence or validity of any underlying agreement with, or debt to, defendant. Accordingly, defendant's counterclaims do not derive from the same common nucleus of operative facts as plaintiff's **TCPA** claim. See *id.*; *Tilley, 2018 WL 1535413, at *1*; *Vecchia, 2018 WL 907045, at *1*; *Riazi, 2017 WL 4260847, at *5*; *Ramsey, 2015 WL 6396000, at *2*. Therefore, the Court finds that it does not have supplemental jurisdiction **[*15]** over defendant's counterclaims under *Section 1367(a)*.

### 3. In Arguendo Application of *Section 1367(c)(4)* to Defendant's Counterclaims

Even if defendant's counterclaims derive from the same nucleus of operative facts as plaintiff's claims, the Court would still decline to exercise jurisdiction over defendant's counterclaims. *Section 1367* provides the Court discretion to reject supplemental jurisdiction under the exceptions set forth therein. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1287 (8th Cir. 1998)*. The Court may decline supplemental jurisdiction "in exceptional circumstances [where] there are other compelling reasons for declining jurisdiction." *28 U.S.C. § 1367(c)(4)*. *Section 1367* codifies the principles of judicial economy, convenience, fairness, and comity that traditionally govern the Court's exercise of pendant jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)*.

Defendant argues that the Court should not exercise its discretion to decline supplemental jurisdiction for two reasons. First, defendant argues that judicial efficiency is promoted by allowing plaintiff's claims and defendant's counterclaims to be tried in a single action. (Doc. 15, at 20-22). Second, defendant argues that there is no exceptional circumstance to permit the Court to decline jurisdiction over defendant's counterclaims because the amount defendant seeks in its counterclaims is **[*16]** small compared to the amount of statutory damages plaintiff seeks under the **TCPA**. (Doc. 15, at 22-25).

### a. Judicial Efficiency

Defendant's judicial efficiency argument is unavailing. The Court agrees that, if plaintiff's claims and defendant's counterclaims derive from a common nucleus of operative facts, "the goals of judicial economy and efficiency would be served, to some extent, by the Court's exercise of jurisdiction over [defendant]'s counterclaim, in that 'all claims related to [plaintiff's] alleged . . . debt w[ould] be resolved in a single action.'" *Riazi, 2017 WL 4260847, at *5* (quoting *Graf, 2015 WL 632180, at *7*) (third alteration in original). However, any increase judicial efficiency is negligible under the circumstances. Defendant's counterclaim seeks $4,742.90, plus attorneys' fees, interest, and costs. (Doc. 6, at 16-20). If pursued in state court, defendant's counterclaims would be a small claim.

See Iowa Code § 631.1(b) (providing the district court sitting in small claims jurisdiction over actions commenced after July 1, 2018, where the amount in controversy is $6,500 or less, exclusive of interest and costs); De Stefano v. Apts. Downtown, Inc., 879 N.W.2d 155, 171-72 (Iowa 2016) (noting that contractual attorneys' fees are costs and are therefore exempt from the small claims jurisdictional limit). If defendant's **[*17]** counterclaims were litigated in small claims court, discovery would be limited, and the case would be tried simply and informally, without regard to rules of procedure, before a magistrate rather than a jury. See Iowa Code § 631.11(1); IOWA R. CIV. P. 1.500(1)(e)(12), 1.509(1)(a), 1.702. Given that plaintiff has requested a jury (Doc. 1, at 5), any increase in efficiency by trying defendant's counterclaims with plaintiff's *TCPA* claims is offset by calling a jury, in a proceeding subject to the Federal Rules of Civil Procedure, to try a simple collection claim that could be litigated much more efficiently before a magistrate in state court.

### b. Exceptional Circumstances

Regardless of any minor efficiencies that may be realized by the Court exercising supplemental jurisdiction, the potential chilling effect of defendant's counterclaims on future *TCPA* claims warrant the Court declining supplemental jurisdiction. Allowing a defendant to bring counterclaims against plaintiff has a chilling effect on future *TCPA* claims, which "clearly undermine[s] the remedial purpose of the *TCPA* and its goal of protecting consumers from unwanted automated telephone calls and of 'curbing calls that are a nuisance and invasion of privacy.'" Riazi, 2017 WL 4260847, at *6 (quoting Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 271 (3rd Cir. 2013)); see also Ammons, 305 F. Supp. 3d at 825 ("The Court **[*18]** therefore concludes that asserting supplemental jurisdiction over Ally's fraudulent inducement state law Counterclaim would undermine the remedial purpose of the *TCPA* and its goal of protecting consumers from unwanted automated calls to cell phones—even for debt collection purposes—that annoy and invade privacy.");[2] *Ginwright*, 2016 WL 5867443, at *5 (holding that allowing creditors to bring debt collection claims in response to *TCPA* claims would impede the enforcement of the statutorily prescribed penalty intended to protect consumers and would "involve the district courts in debt collection matters having no federal significance." (quoting Whigham v. Beneficial Finance Co., 599 F.2d 1322, 1324 (4th Cir. 1979))). Defendant argues that because it only seeks a small percentage of the statutory damages sought by plaintiff, the counterclaims would not have a chilling effect on future *TCPA* claims. (Doc. 15, at 24-25). Defendant's argument is unpersuasive for two reasons. First, the determination of whether a counterclaim is large enough to deter future *TCPA* claims is entirely subjective and leaving that determination to either defendant or to the Court undermines the remedial purpose of the *TCPA*. Riazi, 2017 WL 4260847, at *6 (citing Graf, 2015 WL 632180, at *6). Second, defendant's argument ignores defendant's claim for attorneys' fees in association **[*19]** with defendant's counterclaims and the possibility that plaintiff will not recover the maximum penalty of $1,500 per violation of the *TCPA*. It is possible that plaintiff will only prevail on her first cause of action, which alleges negligent violations of the *TCPA* and seeks $54,500 in statutory penalties (Doc. 1, at 4), or that plaintiff will not succeed on either of her claims. If defendant prevails on its counterclaims and proves its entitlement to attorneys' fees, then defendant's counterclaims could approach or exceed any amounts awarded to plaintiff. The mere possibility that the case will result in a judgment against plaintiff creates a chilling effect that undermines the remedial purpose of the *TCPA*.

Thus, even if defendant's counterclaims form a part of the same case or controversy as plaintiff's claims, the Court would decline to exercise jurisdiction over the counterclaims. The chilling effect of defendant's counterclaims on future *TCPA* claims undermines the remedial purpose of the *TCPA* and constitutes an exceptional circumstance permitting the Court to decline jurisdiction under Section 1367(c)(4). Because the Court lacks subject matter jurisdiction over defendant's counterclaims, **[*20]** or would, in its discretion, decline such jurisdiction, plaintiff's motion to dismiss (Doc. 13) is **granted**.

### B. Request for Judicial Notice

---

[2] Defendant asserts that *Ammons* is distinguishable from this case because it "involved claims that the defendant violated the FDCPA" rather than the *TCPA*. (Doc. 15, at 24). Defendant is mistaken, as the first sentence of the court's opinion in *Ammons* states "Martha Ammons has brought suit against Ally Financial, Inc. under the Telephone Consumer Protection Act ("*TCPA*") . . .." 305 F. Supp. 3d at 819-20.

In an attachment to its resistance to plaintiff's motion to dismiss, defendant requests that the Court take judicial notice of certain discovery requests plaintiff served on defendant. (Docs. 15-1, 15-2). Defendant's request is procedurally improper. The Local Rules do not permit a separate motion to be made as part of a resistance to a motion. LR 7(e). Further, defendant's request for judicial notice is moot. Defendant admits that plaintiff's Rule 12(b)(1) motion to dismiss is a facial attack on defendant's counterclaims. (Doc. 15, at 10). When considering a facial attack, the Court restricts its analysis to the face of the pleadings. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The cases cited by defendant to illustrate instances of courts taking judicial notice of discovery pleadings are inapplicable because they involve courts taking judicial notice in evidentiary proceedings, not in the context of an attack on the pleadings. (Doc. 15-1, at 2) (citing Ins. Co. of N. Am. v. Hilton Hotels U.S.A., Inc., 908 F. Supp. 809, 812 n.1 (D. Nev. 1995) (addressing judicial notice of discovery pleadings in the context of a motion for summary judgment) and Hertan v. Unum Life Ins. Co. of Am., 111 F. Supp. 3d 1075, 1076 (C.D. Cal. 2015) (addressing judicial notice of discovery pleadings **[*21]** in the context of a bench trial)). Defendant's request for judicial notice is moot because even if the Court took judicial notice of the discovery pleadings, it could not consider them in ruling on plaintiff's Rule 12(b)(1) motion presenting a facial attack on defendant's counterclaims. Defendant's request for judicial notice is **denied**.

### IV. CONCLUSION

For the reasons stated above, plaintiff's Motion to Dismiss Counterclaim Pursuant to Rule 12(b)(1) (Doc. 13) is **granted**, defendant's request for judicial notice (Doc. 15-1) is **denied**.

**IT IS SO ORDERED** this 7th day of January, 2019.

/s/ C.J. Williams

C.J. Williams

United States District Judge

Northern District of Iowa

---