IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GLORIA SALAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-748-RP |
| | § | |
| FORD MOTOR CREDIT COMPANY, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Gloria Salas's ("Salas") Motion to Dismiss Defendant Ford

Motor Credit Company, LLC's Counterclaim. (Dkt. 8). Defendant Ford Motor Credit Company,

LLC ("Ford") filed a response, and Salas replied. (Dkts. 9, 10). Having considered the parties' briefs,

the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

Salas took out an auto loan in 2016 to buy a Ford Focus. (Answer, Dkt. 6, at 10). She

eventually fell behind on her payments and began receiving regular phone calls from Ford—

allegedly, at least 125 calls in less than two years. (Compl., Dkt. 1, at 3). According to Salas, the calls

consisted of a recorded message followed by a pause before a Ford agent began speaking. (*Id.*). In its

answer, Ford responds that Salas consented in her auto loan contract to receive phone calls from

Ford, including calls containing "prerecorded or artificial voice messages" and "automatic telephone

dialing systems." (Answer, Dkt. 6, at 5–6). Ford's answer also includes a sole counterclaim for

breach of contract, in which it seeks to recover the $16,039 that Salas has not yet paid for the car.

(*Id.* at 12).[1] Salas now seeks to dismiss Ford's counterclaim for want of subject-matter jurisdiction

---

[1] Ford has repossessed the car, and Salas is no longer making payments. (Answer, Dkt. 6, at 11–12).

because the counterclaim is not sufficiently related to her claims against Ford. (Mot. Dismiss, Dkt. 8, at 3).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III. DISCUSSION

The parties do not dispute that the Court would not have jurisdiction over Ford's counterclaim if stood alone: it is a state-law claim and although the parties are diverse, the amount in controversy falls below the jurisdictional threshold. (*See* Mot. Dismiss, Dkt. 8, at 4 (offering this argument without rebuttal)). The question is whether the Court may exercise supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367 because either (a) the counterclaim is

compulsory or (b) supplemental jurisdiction is otherwise proper under that statute. (Resp. Mot.

Dismiss, Dkt. 9, at 1–2).[2]

The answer to the first part of that question is no: the counterclaim is not compulsory.

Under Federal Rule of Civil Procedure 13(a), a party must assert as a counterclaim any claim that

"arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"

and does not require adding a party over whom jurisdiction cannot be asserted. Fed. R. Civ. P.

13(a)(1). A counterclaim is compulsory when "(1) the issues of fact and law raised by the claim and

counterclaim largely are the same; (2) *res judicata* would bar a subsequent suit on defendant's claim

absent the compulsory counterclaim rule; (3) substantially the same evidence will support or refute

plaintiff's claim as well as defendant's counterclaim; or (4) there is a logical relationship between the

claim and the counterclaim." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182,

205 n.146 (5th Cir. 2015) (cleaned up). If any of these conditions are met, the counterclaim is

compulsory. *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir. 1997).

Ford argues that the counterclaim is compulsory on all four grounds. First, Ford says that

the issues of fact and law raised by the claim and counterclaim are "largely the same" because both

are "related to the 'subject debt.'" (Resp. Mot. Dismiss, Dkt. 9, at 3). But Ford's argument on this

point—that she consented to be autodialed—is based entirely on its defense to Salas's claim, rather

than on its counterclaim. (*See id.* at 3–4). The only factual and legal issue common to the claim and

counterclaim is whether Salas and Ford entered into a valid contract. That single issue is

outnumbered by the legal and factual issues that are not common: whether Ford used an automatic

dialing system to call Salas, whether Ford's calls included a recorded message, whether Salas

consented to be autodialed by Ford, whether she may unilaterally and orally revoke that consent if

---

[2] A compulsory counterclaim falls within the ancillary jurisdiction of the federal courts. *Plant v. Blazer Fin. Services, Inc. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979). But federal courts may exercise jurisdiction over counterclaims that are not compulsory, so long as they "form part of the same case or controversy" and the Court does not decline to exercise jurisdiction. 28 U.S.C. § 1367.

given, whether Salas stopped making payments, the sum of Ford's contract damages, and so on. The Court therefore cannot agree that the factual and legal issues are "largely the same."

Second, Ford argues that *res judicata* would bar a subsequent suit for breach of contract against Salas. (Resp. Mot. Dismiss, Dkt. 9, at 4). Among other things, *res judicata* requires that "the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Courts make that determination according to the "transactional test," under which the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.* (citation and internal quotation marks omitted). An operative fact is a material one. *See* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "operative fact" as "[a] fact that affects an existing legal relation, esp. a legal claim"). As just discussed, Salas's claim and Ford's counterclaim share only a single operative fact—whether she executed a valid contract with Ford. Every other operative fact differs. Salas's claim turns whether Ford called her, what those calls were like, and whether she consented to receiving those calls (under a provision of her contract). Ford's counterclaim, by contrast, turns on whether she failed to make payments that were due under her contract (under a separate and distinct provision). One fact is not a nucleus of facts. A judgment in this action on Salas's claim would not preclude Ford from asserting its counterclaim in a separate action.

Third, Ford argues that the same evidence that supports Ford's counterclaim will refute Salas's claim because the Court will need to "reference" the auto loan contract to determine whether she consented to be autodialed and whether she breached her obligation to make payments. (Resp. Mot. Dismiss, Dkt. 9, at 4). But the only evidence in common is the existence of the contract; every other component of the claim and counterclaim will be proven by evidence that is not common. Salas's claim can be tried according to evidence that will, but for a single exception, not appear in a trial of Ford's counterclaim. The counterclaim is not compulsory on this basis.

Finally, Ford argues that there is a logical relationship between the claim and the counterclaim because both are "based on the subject debt."" (Resp. Mot. Dismiss, Dkt. 9, at 4). The Court disagrees that so slim a reed creates a logical relationship, which exists "when the claim and the counterclaim arise from the same aggregate of operative facts." *Nat'l Liab. & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. 2014) (cleaned up). As discussed above, the claim and counterclaim turn on distinct sets of facts that relate to separate provisions in the auto loan contract. The Court finds that there is not a logical relationship between whether Salas consented to be autodialed (or was in fact autodialed) and whether she made the contractually required payments for her car.[3]

Having concluded that Ford's counterclaim is not compulsory, the Court must decide whether supplemental jurisdiction otherwise exists under Section 1367. Under that statute, a district court may exercise supplemental jurisdiction over state claims that do not independently come within the court's jurisdiction so long as they "form part of the same case or controversy" as the claims which do fall within the court's original jurisdiction. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010); 28 U.S.C. § 1367(a). Under § 1367(a), the question is whether the supplemental claims are so related to the original claims that they derive from a "common nucleus of operative fact." *Energy Mgmt. Servs, LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006)). The Court described above why it concludes that Salas's claim and Ford's counterclaim do not derive from a common nucleus of

---

[3] Ford claims that the Fifth Circuit "has held that a logical relationship exists where claims arise out of the same agreement." (Resp. Mot. Dismiss, Dkt. 9, at 5 (citing *Songcharoen v. Plastic & Hand Surgery Assocs., P.L.L.C.*, 561 F. App'x 327, 341 (5th Cir. 2014) (unpublished) and *Park Club, Inc., v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992))). Ford's claim overstates the holdings of both cases. What mattered was not merely that "the same agreement" was implicated in both claims, but that "the issues of fact and law greatly overlap[ped]" and that "a jury would hear substantially the same facts in regard to both." *Park Club*, 967 F.2d at 1058. In *Park Club*, the claim and counterclaim both concerned whether one of the plaintiffs was liable for guaranteeing a loan. 967 F.2d at 1054–55. In *Songcharoen*, the claim and counterclaim turned on whether the plaintiff owed or was owed money based on offsetting financial obligations in his contract. 561 F. App'x at 329–32. These claims share substantially more facts in common that merely arising out of the same agreement, which is all Salas's claim and Ford's counterclaim share.

operative fact. Having reached that conclusion, the Court cannot exercise supplemental jurisdiction over Ford's counterclaim under Section 1367. The counterclaim must be dismissed for want of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Salas's motion to dismiss, (Dkt. 8), is **GRANTED**. Ford's counterclaim, (*see* Dkt. 6, at 9–14), is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on April 3, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE