IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GLORIA SALAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-748-RP |
| | § | |
| FORD MOTOR CREDIT COMPANY, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiff Gloria Salas's ("Salas") Opposed Motion for Leave to File a Second Amended Complaint, (Dkt. 25), and Ford Motor Credit Company, LLC's ("Ford") response, (Dkt. 26). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion should be denied.

## I. BACKGROUND

This is a debt collection case involving an undisputed debt owed by Salas to Ford. (Compl., Dkt. 1, at 1). Salas entered into an agreement with Ford to finance the purchase of a car. (*Id.* at 2). When Salas failed to make payments on the loan, she began to receive regular phone calls from Ford. (*Id.*) Salas alleges she received at least 125 phone calls in less than two years and that these phone calls continued even after she requested Ford stop calling her. (*Id.* at 3). According to Salas, these calls would begin with "a recorded message and noticeable pause, lasting several seconds in length" before a live representative would begin to speak. (*Id.*). In its answer, Ford states that Salas consented to receive cell phone calls from Ford in her loan contract, including calls by "prerecorded or artificial voice messages . . . and/or automatic telephone dialing systems." (Answer, Dkt. 6, at 56). While Ford acknowledges that it did receive a request from Salas to stop calling her on August 16, 2018, it maintains that it honored this request and made no further calls to Salas's cell phone after

1

that date. (Resp., Dkt. 26, at 4). Meanwhile, Salas contends she asked Ford to stop calling her as early as January 2018 and made at least two additional demands for the calls to cease. (Am. Compl., Dkt. 25-2, at 3).

Salas originally sued Ford for violations of the Telephone Consumer Protection Act ("TCPA") and the Texas Deceptive Trade Practices Act ("DTPA"). (Compl., Dkt. 1, at 1). Salas now seeks leave to amend her original complaint to remove her claim under the DTPA and to add a claim under the Texas Debt Collection Act, Tex. Fin. Code § 392.302(4), ("TDCA"). (Mot. Leave, Dkt. 25, at 2). Ford opposes Salas's motion for leave to file the amended complaint, contending such an amendment would be futile and would not survive a 12(b)(6) motion to dismiss. (Resp, Dkt. 26, at 4).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. DISCUSSION

To determine whether Salas's proposed amendment would be futile, the Court must decide whether Salas has sufficiently pleaded a TDCA violation. Ford argues Salas's amendment would be futile because Salas has not plausibly alleged that its calls were made with the intent to harass. (Resp., Dkt. 26, at 4). Under the TDCA, "a debt collector may not oppress, harass, or abuse a person by . . . causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code § 392.302(4). In finding that a debt collector has acted "with the intent to harass," call volume alone is insufficient. *See Robinson v. Wells Fargo Bank, N.A.,* 576 F. App'x 358, 362 (5th Cir. 2014). The Fifth Circuit has

3

required "both a great volume of phone calls and extenuating circumstances, such as making those calls at odd hours or threatening personal violence." *Id.*

Here, Salas has not alleged sufficient facts to support a claim that Ford acted with "the intent to harass" and has therefore failed to state a claim for relief under the TDCA. Tex. Fin. Code § 392.302(4). Salas alleges only that Ford called her "continuously" and that she received "not less than 125 phone calls" after she demanded Ford stop calling her. (Am. Compl., Dkt. 25-2, at 3, 5). Although Salas alleges that the "frequency and volume of calls" shows Ford acted "with the intent of annoying and harassing her," (*id.* at 5), facts pertaining to call volume must be accompanied by "extenuating circumstances, such as making those calls at odd hours or threatening personal violence" to show Ford acted with the requisite intent to harass. *Robinson*, 576 F. App'x at 362. Salas has not pleaded any facts to show Ford made calls at odd hours or that any of these calls threatened personal violence. Merely asserting that Ford acted "with the intent of annoying and harassing her" absent such facts is not enough. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because Salas has failed to sufficiently plead a TDCA violation in her proposed amendment, granting Salas leave to amend her original complaint to add such a claim would be futile.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Salas's motion for leave to amend her complaint, (Dkt. 25), is **DENIED**.

**SIGNED** on September 17, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4