IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GLORIA C. SALAS | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-CV-00748 |
| | § | |
| FORD MOTOR CREDIT COMPANY, LLC | § | |
| | § | |
| | § | |
| Defendant | § | |

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF DEFENDANT FORD MOTOR COMPANY**

Ford Motor Credit Company LLC ("Ford Credit") respectfully requests that this Court enter a protective order as to Plaintiff's Third Amended Notice of Intention To Take Oral Deposition of Defendant Ford Motor Company's Corporate Representative (the "Notice") because nearly all of the 32 topics seek overly broad, vague, unduly burdensome, or irrelevant information, and some seek information protected by the attorney-client privilege or work product doctrine. Further, Plaintiff unilaterally selected a deposition date of October 24, 2019 — a date which Ford Credit advised Plaintiff it was not available. Despite Ford Credit's best efforts to meet and confer on these topics in light of Rule 1, and despite an actual agreement reached between the parties that Plaintiff would in fact narrow the topics Ford Credit deemed objectionable, Plaintiff reneged on that agreement and is now standing by the Notice "as is".  Plaintiff's unreasonable and unsupportable position necessitates Ford Credit's Motion.

## I.   BACKGROUND

### A.  The Lawsuit

This lawsuit arises out of Plaintiff's lease of a 2016 Ford Focus. On May 28, 2016, Plaintiff

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

**Page 1**

leased the Focus from Northside Ford in San Antonio. As part of the lease, Plaintiff agreed to and signed a retail installment sales contract regarding her obligations with respect to the lease, and which clearly and unambiguously described Ford Credit's rights and remedies under the lease. In short, Plaintiff was obligated to make monthly payments of $388.68 until the lease term ended. Importantly, the agreement also plainly states that Salas agrees that Ford Credit "may use written, electronic or verbal means to contact [Salas]. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing system. [Salas] agree[s] that [Ford Credit] may use any email address or telephone number [Salas] provide[s], now or in the future, including a number for a cellular phone or other wireless device..." (Ex. D, ¶ Q).

In accordance with the agreement, Ford Credit contacted Plaintiff due to her failure to make her obligatory payments. Later, Ford Credit ultimately had the Focus repossessed.

Plaintiff alleges Ford Credit violated the telephone consumer protection act (TCPA) as it relates to calls Ford Credit made to her. Ford denies Plaintiff's claims for three primary reasons. First, Plaintiff gave contractual consent-to-be-called, which defeats an essential element of her claim. Second, none of the calls were made after Plaintiff purported to orally revoke consent. Third, the TCPA does not permit a plaintiff to unilaterally revoke contractual consent-to-be called where, as here, consent is not given gratuitously, but as bargained-for consideration in a bilateral contract. *Reyes v. Lincoln Automotive Financial Services*, 861 F.3d 51 (2d Cir. 2017).

**B.  Relevant Discovery History**

The parties engaged in written discovery. On February 26, 2019, Plaintiff served her first set of discovery on Ford Credit. She served 22 Interrogatories, 26 Requests for Admission, and 50 Requests for Production. Ford timely answered and responded. On July 26, 2019, Ford Credit took

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

**Page 2**

the deposition of Plaintiff. She testified that she does not dispute that she contractually consented to be called in the manner that Ford Credit called her. (Ex. B, pg. 42, ln. 2-25 – pg. 43, ln. 2).

On August 5, 2019, Plaintiff served her first Notice of Deposition to take the corporate representative of Ford Credit. (Ex. C). Ford Credit promptly responded and objected advising Plaintiff that the notice was improper for various reasons and that Plaintiff's unilaterally selected date of September 10, 2019 was not a good date for Ford Credit or its counsel, mainly because the parties had not yet agreed on the topics or Ford Credit's objections. Substantively, Ford Credit objected to several topics in the first Notice because it contained overly broad, unduly burdensome, vague, irrelevant information, and in some cases, sought information protected by the attorney-client privilege and work product doctrine. In short, the topics do not give the requisite "painstaking specificity," are not relevant to disputed factual issues in this case, and are disproportionate to the needs of this case. Properly preparing a witness would be a near impossible task for Ford Credit, but at a minimum, it would not be feasible or practical.  By way of example, topic 4 seeks an in depth discussion "on the technology, electronic devices, equipment, and systems employed by Defendant in the last 4 years to assist Defendant in the collection of delinquent consumer accounts" and topic 5 seeks an in depth discussion of Defendant's "business relationship with its agents, employees, representatives, and assigns." Neither of these are at issue, and both are incredibly broad, making it unduly burdensome for Ford Credit to properly prepare a witness.

Ford Credit, however, agreed to produce a witness on 5 Topics because they were appropriately proportional in scope, as to the Plaintiff and her vehicle and account and were otherwise relevant to the issues in this case – Plaintiff's account and Ford Credit's actions with

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

respect to it.[1]

After an extensive meet and confer on August 9, 2019 over telephone, Plaintiff agreed to revise the topics that Ford Credit objected to, and tailor the topics to the factual issues in this case. Thereafter, on August 29, 2019, Plaintiff served her Second Amended Notice of Deposition to take the corporate representative deposition of Ford Credit.  The second notice contained the very same topics that Ford Credit objected to in the first instance.  Ford Credit engaged in yet another meet and confer because Plaintiff's second notice did not abide by the parties' agreement. Despite this agreement, Plaintiff refused to amend her notice and instead issued her Third Amended Notice of Deposition, which is the subject of this motion, and which essentially merely changed the proposed deposition date to October 24, 2019. (Ex. A).

## II.  ARGUMENT

Discovery is not without limits, and the Court may issue a protective order upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26 also expressly contemplates that discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Notably, under the most recent amendments to Rule 26, a court is indeed required to "limit discovery if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

---

1 Ford Credit agrees to produce a witness on Topics 2, 12, 30 and 32 as it relates to Plaintiff's account and Topic 21.
**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Further, in determining whether the discovery sought is overly broad and unduly burdensome, Rule 26(b)(2)(C) requires this Court to limit discovery if the burden or expense of the requested discovery outweighs its likely benefit. *See Crawford-El v. Britton,* 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly."). Because Rule 26 "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition," this Court must evaluate whether Plaintiffs' request is unduly burdensome to Ford. *Murphy v. Deloitte & Touche Group Ins.,* 619 F.3d 1151, 1163 (5th Cir. 2010).

Moreover, for Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.  Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Dennis v. United States,* 2017 WL 4778708, No. 3:16-cv-3148-G-BN (N.D. Tex. Oct. 23, 2017) (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-cv-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)).  "If the noticing party does not describe the topics with sufficient particularity or if the topics are overly broad, the responding party is subject to an impossible task." *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, Civil Action No. 12-11935-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014).

"The court may limit a Rule 30(b)(6) notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous." *Washington-St. Tammany Electric Coop. v. Louisiana Generating, LLC*, 2019 WL 1804849, *11

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

**Page 5**

(M.D. La. 2019) (citing *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); see also, *In re Katrina Canal Breaches Consolidates Litigation*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order because 30(b)(6) topics were overly broad, vague and ambiguous).

Further, the attorney-client privilege prevents disclosure of communications between an attorney and client that were made in connection with seeking or rendering legal services. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999). In addition, the work product doctrine "works to protect the mental process of an attorney from inquiry by opposing party." *Smith v. Diamond Offshore Drilling, Inc., et al.*, 168 F.R.D. 582, 583 (S.D. Tex. 1996) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). The privilege applies to documents prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); *In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000), *cert. denied* 532 U.S. 919 (2001). A party may not discover work product unless it "shows that it has substantial need of the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).

Finally, the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. This means that "the parties share responsibility to employ the rules in the same way as do the courts." *Herrera v. State Farm Lloyds*, 2015 WL 13678720, *2 and fn. 1 (S.D. Tex. 2015); see also *Rivera v. Martin J. Donnelly Antique Tools*, 2016 WL 1389984, *2 (M.D. La. 2016) (citing Rule 1 and stating "other appropriate sanctions must be—and will therefore be—assessed, as the Rules may not be flouted, regardless of the alleged cause.").

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

**Page 6**

**A. Good Cause Exists for a Protective Order Because All Topics (Except for Topics 2, 12, 21, 30 and 32) Are Overly Broad, Unduly Burdensome, Seek Irrelevant Information and Fail to Describe the Topics with Reasonable Particularity**

Ford Credit seeks a protective order on all Topics (except Topics 2, 12, 21, 30 and 32 because they are overly broad, unduly burdensome, and fail to describe the topics for testimony with reasonable particularity.  In addition, they have no discernable connection to Plaintiff's claims, her vehicle or her account in this case and, therefore, seek irrelevant information.  The enormous breadth of the topics is also disproportionate to the needs of the case.

The objectionable topics in the Notice may be categorized into 3 main areas.  The first area seeks testimony on the manner and method of Ford Credit's collection on delinquent consumer accounts, in general, without limitation as to time, the account, the customer or the issues associated with the account or customer (Topics 3, 4, 7, 8, 10, 13, 15 and 31).  These Topics are not stated with reasonable particularity, are overly broad and unduly burdensome and seek irrelevant information.  The testimony sought goes far beyond the claims asserted by Plaintiff in this case, her account and Ford Credit's actions with respect it, and it is not limited to the time period alleged to be at issue in this matter.  In addition, it does not specify any particular any specific system, technology or electronic device with specificity, and it seeks information on all customer accounts without limitation as to the account type, status of the account, time period, purpose of communication, or the specific facts and circumstances at issue with respect to that customer, who is not a party to this case.  Moreover, testimony as to generic topics as to the manner in which Ford Credit collects on consumer accounts has no bearing or relevance to Plaintiff's claims.  Here, there is no dispute as to the number of calls made by Ford Credit to Plaintiff.  The issue in this case is Plaintiff's consent to receive the calls, not the manner or method in which they were made, including as to other customers or on other accounts. The second area of testimony

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

**Page 7**

seeks information on Ford Credit's relationship with unidentified employees, agents and third parties (Topics 5, 9 and 16).  Similar to Ford Credit's argument above, these topics are not described with reasonable particularity, are overly broad and unduly burdensome and seek irrelevant information.  The testimony sought goes far beyond the claims asserted by Plaintiff in that they are not limited to the collection on Plaintiff's account, any calls made to the Plaintiff, or to the time period alleged to be relevant in this matter.  Moreover, Plaintiff has not identified any particular third party, employee, agent, relevant time period or specific issue in which Plaintiff claims to need testimony.

The third area of testimony seeks information on Ford Credit's pleadings, defenses, contentions and discovery conducted to date (Topics 1, 11, 17, 18, 20, 22-27).  Ford Credit's arguments above are equally apply here.  Moreover, seeking testimony from a corporate representative on Ford Credit's pleadings, defenses, discovery responses and contentions is further objectionable because it lacks reasonable particularity and is unduly burdensome because no particular contention, discovery response, document produced by Ford Credit, or defense was identified (and some are legal defenses or objections). *See Skladzien v. St. Francis Regional Med. Ctr.,* C.A. No. 95-1518-MLB, 1996 WL 807353, at * 1 (D. Kan. Dec. 19, 1996) (a designation that a 30(b)(6) representative testify as to "any statement of fact set forth in the Amended Complaint filed in this action to which defendant has made a denial in its Answer to the Amended Complaint" was too broad and "does not provide with reasonable particularity the matters on which examination is requested"); *see also SmithKline Beecham Corp. v. Apotex Corp.,* C.A. No. 98-C-3952, 2000 WL 116082, at *9-10 (N.D. Ill. Jan. 24, 2000) (holding that inquiry into company's "responses to Defendants' Interrogatories and requests for production, along with subject

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

**Page 8**

identified therein" was not only unduly burdensome but also impermissibly trespassed into areas of work product and attorney-client privilege).

Without a protective order, Ford Credit would face an undue and unfair burden in attempting to produce a designee in response to Plaintiffs' Topics. The witness-preparation process would be incredibly burdensome and time consuming given the broad nature of the topics and the lack of connection to Plaintiff's claims, but the ultimate value of the deposition testimony would be negligible. *Advanced Tech. Incubator v. Sharp Corp.,* 263 F.R.D. 395, 399 (W.D. Tex. 2009).

In addition, to the extent Plaintiff is asking Ford Credit to designate a person to testify on its defenses, that inquiry is better made in a contention interrogatory since the determination of whether a particular fact scenario supports an affirmative defense is a legal conclusion. *See U.S. v. Niagara County*, New York, 2015 WL 6554713, at * 4 (W.D. N.Y. 2015) (held 30(b)(6) deposition is not the proper means to obtain discoverable information related to affirmative defenses). Furthermore, this is an improper topic for a 30(b)(6) designation in general. *See Brooks v. Caterpillar Global Mining America, LLC*, 2016 WL 5213936, at * 5 (W.D. Ken. 2016) (holding "lay witness cannot testify as to legal conclusions, and such questions exceed the permissible scope of a 30(b)(6) deposition.").

These Topics also infringe upon attorney client privilege and attorney work product privilege. Specifically, they directly seek opinion work product, such as the results of Ford Credit's investigation or defense of the case and is the fundamental equivalent of a notice to depose Ford's counsel. Here, the process of preparation of any designee who was not counsel would inevitably result in intrusion into attorney opinion work product and the attorney-client privilege, and the deposition as to these Topics are unwarranted given the availability of other forms of discovery to elicit factual evidence in the case. Courts have stressed that Rule 26(b)(3) provides

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

**Page 9**

protection for materials created in preparation for litigation and especially for attorney work product, including in the context of 30(b)(6) deposition notices. See, e.g., *E.E.O.C. v. McCormick & Schmick's Seafood Restaurants, Inc.*, No. CIV.A. WMN-08-CV-984, 2010 WL 2572809, at *5 (D. Md. June 22, 2010) (granting protective order when "the 30(b)(6) deposition notice on their face seek attorney work product"); *S.E.C. v. SBM Inv. Certificates, Inc.*, No. CIV A DKC 2006-0866, 2007 WL 609888, at *23-24 (D. Md. Feb. 23, 2007) (granting SEC's motion to quash 30(b)(6) deposition when "the areas of inquiry would effectively result in the deposition of opposing counsel and where other means of obtaining the discovery were available because such a deposition would likely invade attorney opinion work product and be an undue burden on the parties and the court."). Here, Plaintiff's Topics are not asking for clarification of this factual data, but rather for how Ford's counsel has marshalled the facts learned during its investigation in support of its case. All of the Topics are likely to require testimony of Ford's counsel or a proxy prepared by counsel. Thus, an invasion of attorney work product and the attorney-client privilege would be inevitable. Plaintiff clearly have other means of discovery available to procure much of the information they seek.

Critically, Plaintiff cannot demonstrate an overriding need for such protected information because the text of Ford Credit's pleadings and defenses provide Plaintiff with a detailed description of the factual bases for Ford Credit's defenses and contentions and its written discovery responses and documents produced by the Ford Credit have provided additional, non-privileged factual information with respect to Ford Credit's defenses and contentions. Plaintiff, therefore, need not raid Ford Credit's litigation strategies to adequately assert its claims in this action.

Moreover, because Ford Credit has also answered written discovery in this matter, Topic Nos. 24-27, which seek testimony regarding Ford Credit's responses to discovery are unreasonably

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

**Page 10**

duplicative.   Ford Credit has addressed all relevant issues related to the Plaintiff's account and communications regarding the delinquency of same in prior discovery.  As a result, further inquiry regarding Ford Credit's discovery responses would be unreasonably cumulative. *See Bank of Amer., N.A. v SFR Investments Pool 1 LLC et al.*, No. 2:15-cv-01042-APG-GWF, 2016 WL 2843802 (D. Nev. May 12, 2016) (finding that Rule 30(b)(6) notice was "not reasonable tailored to inquire into those factual or legal issues that were not fully or adequately covered by Bank of America's written discovery responses")*; Pittman v. Am. Airlines, Inc.,* No. 14-CV-0827-CVE-FHM, 2016 WL 375138, at *2 (N.D. Okla. Feb. 1, 2016) (granting protective regarding Rule 30(b)(6) notice where information addressed by topic was included in a prior interrogatory answer); *Dongguk Univ. v. Yale Univ.,* 270 F.R.D. 70, 75 (D. Conn. 2010); ("Plaintiff has not demonstrated the need for 30(b)(6) testimony on this topic" where Defendant had produced documents related to the testimony sought).

For the foregoing reasons, this Court should grant Ford Credit's motion for a protective order as to all Topics except for Topics 2, 12, 30 and 32 as it relates to Plaintiff's account, and Topic 21.

## CONCLUSION

For the reasons set forth above, Ford Credit respectfully requests that this Court enter a protective order.


 Dated: October 10, 2019                    Respectfully submitted,

                                            **LANGLEY LLP**

                                            By: */s/ Brandon K. Bains*_____


**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

Brandon K. Bains
State Bar No. 24050126
Trevor "Max" Langley
State Bar No. 24102060
1301 Solana Blvd.
Building 1, Suite 1545
Westlake, Texas 76262
214.722.7171
214.722.7161 (Fax)
bbains@l-llp.com
mlangley@l-llp.com

**ATTORNEYS FOR FORD MOTOR CREDIT COMPANY LLC**

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that, prior to filing this motion, I met and conferred in good faith with counsel for Plaintiff to seek to avoid the necessity of this motion. I had phone conversations with counsel for Plaintiff and exchanged emails with counsel for Plaintiff regarding the subject notice of deposition. Plaintiff is opposed to this motion, and emailed me saying to go ahead and file this motion.

<u>/s/ Max Langley</u>
Max Langley

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was served upon the following, in accordance with the Federal Rules of Civil Procedure on this the _____ day of September 2019:

Marwan R. Daher, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148

<u>*/s/ Brandon K. Bains*</u>
Brandon K. Bains

**FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S THIRD AMENDED NOTICE OF INTENTION TO DEPOSE CORPORATE REPRESENTATIVE OF FORD MOTOR CREDIT COMPANY**

**Page 12**